**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Kathleen Stovash, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  10 C 1037 |
| ) | |
| Cavalry Portfolio Services, LLC, a ) | |
| Delaware limited liability company, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Kathleen Stovash, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Kathleen Stovash ("Stovash"), is a citizen of the State of Pennsylvania, from whom Defendant attempted to collect a delinquent consumer debt owed to Sprint, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Cavalry Portfolio Services, LLC, is a Delaware limited liability company ("Cavalry"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Cavalry operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant Cavalry is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State attached as Exhibit A. In fact, Cavalry does business in Illinois by collecting delinquent consumer debts from thousands of Illinois consumers.

6. Moreover, Defendant Cavalry is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit B.

**FACTUAL ALLEGATIONS**

7. Ms. Stovash is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed to Sprint. When Defendant Cavalry began trying to collect the Sprint debt from Ms. Stovash, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Cavalry's collection actions.

8. Accordingly, on September 11, 2008, one of Ms. Stovash's attorneys at LASPD told Defendant Cavalry, in writing, that Ms. Stovash was represented by counsel, and directed Cavalry to cease contacting her, and to cease all further collection activities because Ms. Stovash was forced, by her financial circumstances, to refuse to

pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant Cavalry sent to Ms. Stovash a collection letter, dated December 22, 2009, demanding payment of the Sprint debt. A copy of this letter is attached as Exhibit D.

10. Thus, on January 26, 2010, Ms. Stovash's LASPD attorney sent Defendant Cavalry another letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

11. All of the collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Cavalry's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Stovash's agent, LASPD, told Defendant Cavalry to cease communications and cease collections (Exhibit C). By continuing to

communicate regarding this debt and demanding payment, Defendant Cavalry violated § 1692c(c) of the FDCPA.

16. Defendant Cavalry's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Cavalry knew that Ms. Stovash was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing, that she was represented by counsel, and had directed Defendant Cavalry to cease directly communicating with Ms. Stovash (Exhibit C). By directly sending Ms. Stovash the collection letter (Exhibit D), despite being advised that she was represented by counsel, Defendant Cavalry violated § 1692c(a)(2) of the FDCPA.

20. Defendant Cavalry's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Kathleen Stovash, prays that this Court:

1. Find that Defendant Cavalry's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff, Stovash, and against Defendant Cavalry, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kathleen Stovash, demands trial by jury.

Kathleen Stovash,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: February 16, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com